**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

| | | |
|---|---|---|
| **Brandon-COPsync, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 15-12334** |
| | § | |
| **COPsync, Inc., Ronald A. Woessner,** | § | |
| **Russell D. Chaney, and J. Shane Rapp** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendants COPsync, Inc. ("COPsync"), Ronald A. Woessner, Russell D. Chaney, and J. Shane Rapp, hereby file their Notice of Removal by and through the undersigned attorneys of record. Pursuant to 28 USC §§ 1332, 1441, and 1446 and Local Rule 81.1, the Defendants hereby remove the civil action captioned Brandon-COPsync, LLC v. COPsync, Inc., Ronald A. Woessner, Russell D. Chaney, and J. Shane Rapp, C.A. No. 2015-212D from the Essex Superior Court for the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, Boston Division, and as grounds for such removal respectfully state as follows:

## I.
## STATE COURT ACTION

1. On February 12, 2015, Brandon-COPsync, LLC ("Plaintiff") filed Plaintiff's Verified Complaint and Jury Demand in the Superior Court for the Commonwealth of Massachusetts, styled *Brandon-COPsync, LLC v. COPsync, Inc., Ronald A. Woessner, Russell D. Chaney, and J. Shane Rapp*, Civil Action No. 2015-212D (the "State Court Action").

2.      Plaintiff's claims relate to alleged breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, intentional misrepresentation, negligent misrepresentation, interference with advantageous business relations, and violation of G.L. c. 93A under Massachusetts and common law.

## II.
## PROCEDURAL REQUIREMENTS

4.      Defendants were served with the Complaint and summons. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty (30) days of service of the Complaint.

5.      This action is properly removed to this Court, as the State Court Action is pending within this district and division.  28 U.S.C. §§ 1441, 1446(a).

6.      Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendants in this action.  Certified or attested copies of all records and proceedings and a certified or attested copy of all docket entries in the State Court Action will be provided to this Court pursuant to Local Rule 81.1.

7.      Pursuant to 28 U.S.C. §1446(d), Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal, and will promptly file a copy of this Notice of Removal with the Essex Superior Court for the Commonwealth of Massachusetts.

8.      A defendant may remove an action to federal court when there is complete diversity among parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a) and 1441(a).  As set forth below, complete diversity exists in this case, and the amount in controversy requirement is satisfied.  Accordingly, removal to this Court is proper.

## A.    Diversity of Citizenship

9.    For removal purposes, a corporation is a citizen of both the state where it was incorporated and the state where it maintains its principal place of business.

10.    Defendant COPsync, Inc. was and is incorporated under the laws of the State of Delaware.  COPsync's headquarters and principal place of business was and is located at 16415 Addison, Rd., Ste. 300, Dallas, TX 75001.  COPsync, Inc. is thus a citizen of the States of Delaware and Texas.

11.    Defendant Ronald A. Woessner was and is a citizen of and resident in the State of Texas.

12.    Defendant Russell D. Chaney was and is a citizen of and resident in the State of Texas.

13.    Defendant J. Shane Rapp was and is a citizen of and resident in the State of Texas.

14.    Plaintiff was and is a citizen of and resident in the State of Massachusetts.  *See* Verified Complaint and Jury Demand, page 1.

15.    Thus, the adverse parties are citizens of different states and are completely diverse.

## B.    Amount in Controversy

16.    Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.  *See* 28 U.S.C. § 1446(c)(2)(b).  A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or by introducing other evidence to establish the

NOTICE OF REMOVAL – Page 3

amount in controversy exceeds $75,000. *Maguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

17.     In this case, Plaintiff does not specifically state the amount in controversy, but requests treble (triple) damages, attorneys' fees, and costs pursuant to G.L. c. 93A, and other nonmonetary relief. *See* Verified Complaint and Jury Demand, page 14.  Plaintiff also alleges that Defendants have interfered with business relations valuing over one million dollars. *See* Verified Complaint and Jury Demand, page 6.  Further, the contract between Brandon-COPsync, LLC and COPsync, Inc. is valued over the jurisdictional limit.

18.     Based on the preceding facts, Defendants assert that the amount in controversy exceeds $75,000.  Accordingly, this case is properly removable to this Court pursuant to 28 U.S.C. § 1441.

19.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed promptly with the Clerk of the Superior Court for the Commonwealth of Massachusetts. Written notice of filing of the notice of removal, together with a copy of the Notice of Removal itself, will also be served upon Plaintiff's counsel.

20.     By filing this Notice of Removal, in which all Defendants join, Defendants do not waive any defenses that may be available to them, including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, the expiration of any statute of limitations, bar by statute of frauds, or failure by Plaintiff to state any claim upon which relief may be granted.

### III.
### PRAYER

Wherefore, Defendants remove this action from the Superior Court for the Commonwealth of Massachusetts to the United States District Court for the District of

Massachusetts, Boston Division, so that this Court may assume jurisdiction over this case, as provided by law.

Respectfully submitted,

By:  /s/ John F. Welsh

John F. Welsh
Mass. Bar No. 522640
**BELLO WELSH LLP**
125 Summer Street, Suite 1200
Boston, Massachusetts 02110
Telephone: (617) 247-8477
Facsimile: (617) 247-4125
jwelsh@bellowelsh.com

**AND**

Lawrence J. McNamara
(*seeking Pro Hac Vice Admission*)
TX Bar No. 13817500
lmcnamara@fordharrison.com
Jennifer N. Jones
(*seeking Pro Hac Vice Admission*)
TX Bar No. 24063947
jjones@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

**ATTORNEYS FOR DEFENDANTS
COPSYNC, INC., RONALD A.
WOESSNER, RUSSELL D. CHANEY, AND
J. SHANE RAPP**

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of June, 2015, a true and accurate copy of the foregoing Defendants' Notice of Removal was served on the following counsel of record for Plaintiff:

Cynthia M. Guizzetti
Joseph T. Toomey
Nutter, McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210

                                        /s/ John F. Welsh
                                        John F. Welsh

WSACTIVELLP:7396142.1